UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GRANT HAYMORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　Defendant. | No. 2:24-cv-729 TLN-SCR<br><br>ORDERS AND FINDINGS AND RECOMMENDATIONS |

　　　Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff Andrew Grant Haymore seeks damages and injunctive relief against Defendant Amazon.com, Inc. ("Defendant" or "Amazon"), for alleged "cyberstalking" and "cyber bullying" on an Amazon gaming platform. Multiple motions are pending before the Court, including Plaintiff's motions to remand this action to state court, Plaintiff's motion for a preliminary injunction, Defendant's motion to dismiss, and Plaintiff's motions to stay.

　　　Plaintiff seeks to proceed in forma pauperis. Before doing anything else, the Court must accordingly perform its mandatory screening function. The Court grants Plaintiff's request for IFP status but finds, in screening the Complaint, that he has failed to state a claim upon which relief can be granted. The Court also finds that amendment would be futile and accordingly recommends that this action be dismissed with prejudice.

　　　The undersigned also recommends that the Court deny Plaintiff's motions to remand and for a preliminary injunction. By resolving the screening issue in favor of dismissal, it is

unnecessary to adjudicate Defendant's motion to dismiss, which the undersigned recommends denying as moot.

## I. Screening

### A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

2

678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### B. The Complaint

Plaintiff sues Amazon over alleged "cyber-assaults" under the following causes of action: (1) intentional infliction of emotional distress ("IIED") (first, fifth, sixth, and seventh causes of action ("CoA")); (2) gross negligence (second, tenth, and eleventh CoA); (3) unlawful, unfair, and fraudulent business practices (Cal. Bus. & Prof. Code § 17200) (third CoA); (4) gross negligence (fourth CoA); (5) aggravated harassment (eighth CoA); and (6) aggravated stalking (ninth CoA). ECF No. 1-1, ¶¶ 26-96. In general terms, Plaintiff alleges that Amazon enabled a seven-month campaign of "cyberstalking" and "cyber bullying" against him on Amazon's gaming platforms. *Id*. ¶ 15. This culminated in an Amazon employee identified as John Doe #1 permanently banning him from "the New World Official Discord" platform ("New World") on November 8, 2024, which interfered with his investment of over 10,000 hours and $1,700 of real money into that platform. *Id*. ¶¶ 17-20. Plaintiff alleges he is a disabled Army veteran who suffers from Complex Childhood PTSD and Complex PTSD. *Id*. ¶ 15. Plaintiff alleges that being banned from New World resulted in congestive heart failure and hospitalization. *Id*. ¶¶ 16, 21.

Plaintiff claims that before he was banned, he had been digitally harassed on New World by Amazon employees, "random players," and by groups of other placers "working in concert[.]" *Id*. ¶ 22. Plaintiff also appears to allege that Amazon's "scaling" of difficulty made it harder for him to "beat a game" over time. *Id*. ¶¶ 78-79. Plaintiff alleges that on November 8, leading up to his banning, Amazon employees began to "time out his texts" and that he, in turn, "began to express frustration with being timed out in" New World. *Id*. ¶¶ 54-54.

Plaintiff claims Amazon designed New World in a manner that "facilitated" the harassment, stalking, and cyberbullying of Plaintiff. *Id*. ¶ 26. Plaintiff alleges that the design of New World allowed Amazon employees and other players to make Plaintiff's online experience miserable. For example, Plaintiff states that New World allowed "GRIEF" and "GRIEFING,"

3

through which other players could make jokes or verbal assaults directed to other players, including Plaintiff. *Id*. at p. 4 (defining the terms); ¶ 29 ("One anonymous player … has the power to grief the pinnacle of New World's End-Game design and ruin the fun for everyone else in the dungeon lobby.").[1]

Plaintiff also complains about bad customer support from Amazon after he was banned from New World. *Id*. ¶¶ 36-44, 62-67, 70-73. For example, he alleges that from November 10-17, 2024, "every support ticket, every email, every phone call was closed on the associate level and was never escalated." *Id*. ¶ 62. Those complaints are the crux of his unfair competition cause of action under Business & Professions Code § 17200 and two of his IIED causes of action.

Plaintiff further complains that Amazon failed to enforce the code of conduct that applied to New World. *Id*. ¶¶ 45-46. When he complained to Amazon employees about this, one allegedly told him "You should leave the server." *Id*. ¶¶ 48.

Plaintiff also alleges that the "aggravated stalking" Plaintiff experienced caused him to "cease" creating content across various social media platforms. *Id*. ¶¶ 83-84.

Plaintiff also claims that he "was informed" on November 17, 2024 that Amazon employees "had been manipulating his game experience." *Id*. ¶ 89. But he provides no detail about such alleged "manipulation" and notes that cyber forensics will be needed to "ascertain the full scope of this 'manipulation.'" *Id*.

Plaintiff seeks declaratory and injunctive relief, $7 billion in compensatory damages, and $70 billion in punitive damages. *Id*. at p. 33.

### C.     Analysis

This complaint must be dismissed because it fails to state a claim upon which relief can be granted. Even though the Court is screening Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), Defendant has already filed a motion to dismiss. The Court has reviewed Defendant's motion and adopts much of its reasoning as to why Plaintiff fails to state a claim upon which relief can be granted. As to the statements of third parties on New World, Amazon is immune from suit under

---

[1] It is not entirely clear what the "dungeon lobby" is, though, through context, it would seemingly be a virtual space within New World.

1  Section 230 of the Communications Decency Act.  And as to the actions of Amazon employees,
2  none of them come close to establishing a plausible basis for tort liability.

### 1. Amazon is Immune from Liability for Third Party Statements Published in New World

Plaintiff primarily complains about "cyberstalking" and "cyber bullying" by other players on Amazon's platform.  In particular, Plaintiff complains about other players engaging in "grief" or "griefing," which he defines to involve "actions committed in an online world" which "can range from simple jokes, to full on verbal assault . . ."  ECF No. 1-1 at p. 4.  While Plaintiff uses the term "actions," that label is somewhat misleading, as Plaintiff is clearly describing the *speech* of other players.

Section 230 of the Communications Decency Act, "protects apps and websites which receive content posted by third-party users . . . from liability for *any of the content posted on their services*, even if they take it upon themselves to establish a moderation or filtering system, however imperfect it proves to be." *Estate of Bride by and through Bride v. Yolo Technologies, Inc.*, 112 F.4th 1168, 1175-76 (9th Cir. 2024) (emphasis added).  "This immunity persists unless the service is itself responsible, in whole or in part, for *the creation or development* of the offending content." *Id.* at 1176 (emphasis added) (cleaned up).  At a basic level, Section 230 confers immunity if "the duty" the plaintiff seeks to enforce "would necessarily require an internet company to monitor third-party content." *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 682 (9th Cir. 2019).  Section 230 must be construed "in favor of immunity[.]" *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008) (en banc).

A three-part test governs Section 230 immunity.  The statute bars any claim where: (1) the defendant is a "provider . . . of an interactive computer service"; (2) the claims would treat the defendant as the "publisher" of the relevant content; and (3) the content was "provided by another information content provider." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099-1100 (9th Cir. 2009).

**(1)** Amazon qualifies as a provider of an interactive computer service in light of Plaintiff's allegations.  Plaintiff alleges that Amazon, through New World, "created an online environment" for players to connect through a video game. ECF 1-1, ¶ 26.  Plaintiff's claims are not premised on the

physical attributes of any gaming device; they are premised, rather, on access that Amazon provided to New World. Because New World is an "information service, system, or access software provider that provides or enables computer access by multiple users to a computer server," it is an interactive computer service. 47 U.S.C. § 230(f)(2).

**(2)** Plaintiff's claims "treat[]" Amazon "as the publisher" because they seek to hold Amazon liable for its actions that "involve[] reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Barnes*, 570 F.3d at 1102. What matters "is not the name of the cause of action," but whether the substantive "duty" the claim seeks to impose "inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *Id*. at 1101–02. Through various causes of action, Plaintiff seeks to impose liability on Amazon based on its role publishing and transmitting allegedly harmful user-generated messages within the New World video game. This theory falls in the heartland of Section 230 because it seeks to premise liability on Amazon's alleged publication and dissemination of the third-party speech it makes available on its services. The only way Amazon could avoid liability on Plaintiff's theory is by declining to publish the allegedly harmful user messages, and by monitoring all content available on its platforms to ensure that access to any harmful content—here, "cyberbullying"—is removed. Section 230 protects online services from exactly this type of claim. *See, e.g., Bride v. Snap Inc.*, 2023 WL 2016927, at *1-2, 5-6 (C.D. Cal. Jan. 10, 2023) (Section 230 barred claim that Snapchat's features enabled "bullying and harassment" of plaintiff by other users).

**(3)** The third condition for Section 230 protection is also satisfied. As with the *Bride* cyberbullying plaintiff whose claims were barred by Section 230, Plaintiff's claims also concern "harassing" comments posted by other New World "users," not content that originated with Amazon itself. 2023 WL 2016927, at *6 (Section 230 applied because Snapchat "did not create or develop the harassing and explicit messages that led to the harm suffered by Plaintiffs; the sending users did"). Nowhere does Plaintiff allege facts that implicate Amazon as being directly involved in "cyberbullying." "The accusation here is fundamentally that [Amazon] should have monitored and curbed third-party content." *See Jackson v. Airbnb, Inc.*, 2022 WL 16753197, at *2 (C.D. Cal. Nov. 4, 2022).

Plaintiff's reference to the speech of other gamers as "actions" does not defeat the immunity otherwise conferred by Section 230. "Section 230(c)(1) is implicated not only by claims that explicitly point to third party content but also by claims which, though artfully pleaded to avoid direct reference, implicitly require recourse to that content to establish liability or implicate a defendant's role, broadly defined, in publishing or excluding third party communications." *Gonzalez v. Google, Inc.*, 282 F. Supp. 3d 1150, 1164 (N.D. Cal. 2017) (cleaned up). Section 230 bars Plaintiff's claims against Amazon when it comes to the actions of other New World players.

### 2. Plaintiff Fails to State a Claim as to Any Action by Amazon Employees

As explained above, Section 230 precludes claims that the design of New World facilitated harmful speech by other players or that Amazon otherwise failed to regulate those players' speech. Plaintiff's claims about the direct actions of Amazon employees also fail to state a claim.

#### a. IIED

Plaintiff fails to state a claim for IIED. To plead a viable IIED claim, a plaintiff must allege facts showing: (1) "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). For plaintiffs asserting an IIED claim, the California Supreme Court "has set a high bar." *Id*. at 1051.

Construing these facts in the best possible light, Plaintiff's allegations boil down to two categories: (1) Amazon designed a specific in-game mechanism that Plaintiff wants Amazon to remove from the game, because it makes the game too difficult; and (2) Amazon banned Plaintiff from New World and continues to deny him access to that platform. Neither category of allegations amount to an IIED claim for at least two reasons. *First*, Plaintiff pleads no facts suggesting that Amazon acted with the requisite intent to cause him emotional distress. *Second*, Amazon's alleged conduct is neither extreme nor outrageous by any objective measure.

### b. Gross Negligence

Plaintiff also fails to state gross negligence claims. As with his IIED claims, Plaintiff broadly alleges two theories of liability: (1) Amazon designed a faulty game mechanism, *see* ECF No 1-1, ¶ 45; and (2) Amazon failed to restore Plaintiff's access to New World after banning him, *see id.* ¶ 93. Neither theory supports a viable gross negligence claim for at least two reasons. *First*, Plaintiff cannot plausibly allege that Amazon owed Plaintiff a legal duty of care. *Second*, Amazon's alleged conduct is not extreme.

### c. Harassment and Stalking

Plaintiff also attempts to set out claims for "aggravated harassment" and "aggravated stalking." But as those do not appear to be recognized causes of action under California law, the Court construes them to be claims for civil harassment and stalking. "Harassment" is "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." Cal. Civ. Proc. Code § 527.6(b)(3). "The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress . . . ." *Id.* Stalking requires "a pattern of conduct the intent of which was to follow, alarm, place under surveillance, or harass the plaintiff." Cal. Civ. Code § 1708.7(a)(1). But Plaintiff includes not allegations that Amazon employees engaged in such conduct. And to the extent others players did so through in-game statements, the claims would founder on Section 230 immunity, as described above. Plaintiff states no cause of action for harassment or stalking.

### d. Unfair Competition Law

Plaintiff's Unfair Competition Law ("UCL") claim under § 17200 also fails. This claim is based on Amazon's allegedly poor customer service after he was banned from New World. ECF No. 1-1, ¶¶ 36-44. Under the UCL, there are three varieties of unfair competition: acts or practices which are (1) unlawful, (2) unfair, or (3) fraudulent. *See Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1168 (E.D. Cal. 2013). Each prong is a separate and distinct theory of liability. *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). A plaintiff alleging unfair business practices "must state with reasonable particularity the facts supporting the statutory elements of the violation."

*Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). Plaintiff fails to identify under which prong of the UCL he is asserting a claim. Regardless, none of the facts alleged about poor customer service or Plaintiff's banning in the first place come close to satisfying any cognizable UCL theory.

*First*, the "unlawful" prong prohibits business practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838–39 (1994). The UCL "thus creates an independent action when a business practice violates some other law." *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1118 (E.D. Cal. 2014) (citing *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1170 (2002)). Because Plaintiff cannot state a claim under another "borrowed" law, he cannot state a UCL claim either. *See id.* (dismissing UCL claim where plaintiff failed to allege a predicate violation of law).

*Second*, the "unfair" prong prohibits "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). A business practice is unfair when it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996) (cleaned up) (citation omitted). Plaintiff does not plausibly allege that Amazon engaged in any conduct that violates established public policy, or is otherwise immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers. *See Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 187.

*Third*, to state a claim under the UCL's "fraudulent" prong, a plaintiff needs to show that members of the public are likely to be deceived. *See, e.g.*, *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1135 (2020) (affirming dismissal where juice label was not likely to deceive reasonable consumer and, thus, was not actionable under the UCL). "By focusing on whether 'members of the public' are likely to be deceived, the Unfair Competition Law views the challenged ad or promotional practice through the eyes of the 'reasonable consumer'—that is, the 'ordinary

consumer acting reasonably under the circumstances[.]'" *Id.* (citation omitted); *see Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008) (applying the "reasonable consumer" standard). Plaintiff does not allege that Amazon made false or misleading statements, or otherwise deceived or confused the reasonable person. Plaintiff's claims fail under the "fraudulent" prong as well.

## II. Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case. Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988). Here, leave to amend would be futile. Amazon is immunized from liability for the statements ("grief" and "griefing") made by other players within New World. Moreover, as explained below, Plaintiff can plead no set of facts that would plausibly establish Amazon's liability for the actions of its own employees.

As to IIED, Amazon's action in failing to design a game the way Plaintiff wants and in banning him from the game cannot rise to the level of "extreme and outrageous," regardless of what hypothetical additional facts he could muster. A defendant's conduct is "outrageous" only when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51 (internal quotation marks and citation omitted). "[C]onduct will be found to be actionable where the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Blackshire v. County of Yuba*, 648 F. Supp. 3d 1221, 1240 (E.D. Cal. 2023) (internal quotation marks omitted) (quoting Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998)). Examples of conduct which California courts have concluded *do not* rise to the level of extreme and outrageous include a defendant's "reprehensible . . . vicious slur" about the plaintiff likening him to a Nazi war criminal, *Koch v. Goldway*, 817 F.2d 507, 510 (9th Cir. 1987); a defendant graphically threatening plaintiff by placing message on answering machine, *Cochran v. Cochran*, 65 Cal. App. 4th, 488, 499 (1998); a defendant repeatedly saying plaintiff was senile and a liar in front of co-workers, *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1127-29 (1989); and police officers watching plaintiff's

stabbing and failing to intervene, *Davidson v. City of Westminster*, 32 Cal. 3d 197, 201, 210 (1982).

Plaintiff's belief that New World has become unplayable for certain players like himself is not outrageous. *See* ECF No. 1-1, ¶ 29 (alleging that "one player has the power to . . . ruin the fun for everyone else" and "force[ ] [players] to play a game they can never win"). Being banned from a game platform also cannot be outrageous conduct. A social media company is not liable for IIED when it disables a user's account due to a purported violation of the platform's community standards. *See King v. Facebook, Inc.*, 572 F. Supp. 3d 776, 785–86 (N.D. Cal. 2021) (dismissing social media user's IIED claim with prejudice because Facebook's conduct in banning user was not outrageous as a matter of law). In short, Plaintiff's complaint does not rise above the level of "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Hughes*, 46 Cal. 4th at 1051 (internal quotation marks omitted).

Similarly, there is no possibility that, in the context of this case, Plaintiff could amend to plead the type of extreme conduct required for a gross negligence claim. "[C]ourts have held that conduct that substantially or unreasonably increased the inherent risk of an activity or actively concealed a known risk could amount to gross negligence[.]" *Anderson v. Fitness Int'l, LLC*, 4 Cal. App. 5th 867, 881 (2016). "Evidence of conduct that evinces an extreme departure from . . . an industry standard also could demonstrate gross negligence." *Id.* Conversely, "mere nonfeasance, such as the failure to discover a dangerous condition or to perform a duty," typically does not rise to the level of gross negligence. *Id.* (cleaned up) (quoting *Frittelli, Inc. v. 350 N. Canon Drive, LP*, 202 Cal. App. 4th 35, 48 (2011)). If given leave to amend, Plaintiff would not be able to offer facts to show that either Amazon's design of the New World game or its alleged failure to provide helpful customer is extreme.

Plaintiff also would not be able to plead additional facts about poor customer service to state a claim for a violation of the California's UCL. Failing to provide adequate customer service is, as a matter of law, not an unfair business practice. *See, e.g.*, *Meyer v. Aabaco Small Bus., LLC*, No. 5:17-cv-02102-EJD, 2018 WL 306688, at *5 (N.D. Cal. Jan. 5, 2018) (finding that plaintiffs' allegations that their interactions with defendants' customer service agents "may have been inconvenient, frustrating and time consuming" were "insufficient" to support a UCL claim under the

"unfair" prong); *McKinney v. Google, Inc.*, No. 5:10-CV-01177 EJD (PSG), 2011 WL 3862120, at *7 (N.D. Cal. Aug. 30, 2011) (plaintiff's allegations that customer service was inadequate were insufficient to support a claim under the "unfair" prong).

### III. Motions to Remand

After this case was removed from Sacramento County Superior Court on March 8, 2024, Plaintiff filed three motions labeled as "Motion to Remand": one filed on March 12, 2024 (ECF No. 3); a second filed on March 13, 2024 (ECF No. 7); and a third filed on March 14, 2024 (ECF No. 9). Those motions should be denied.

Amazon timely removed this case pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." ECF No. 1, ¶¶ 3, 5. This Court has jurisdiction under 28 U.S.C. § 1332(a), which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

This case satisfies the diversity requirement because, for purposes of diversity jurisdiction, Plaintiff is a citizen of California and Amazon is a citizen of Washington and Delaware. *See id*. ¶¶ 11-12; *see also, e.g., Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 887 (S.D. Cal. 2021) ("Because the Notice of Removal includes allegations that plausibly plead it is a citizen of Delaware and Michigan and Plaintiff is a citizen of California, Defendant has shown complete diversity of citizenship between the parties."); *Horn v. Experis US, Inc.*, 2020 WL 3287369, at *2 (E.D. Cal. June 18, 2020) ("Because plaintiff and defendant are citizens of different states, complete diversity of citizenship exists for purposes of jurisdiction under 28 U.S.C. section 1332(a)(1)."). Plaintiff's passing references to the citizenship of possible Doe defendants, *see* ECF No. 3 at 5, do not defeat diversity jurisdiction. As § 1441(b)(1) expressly states, "the citizenship of defendants sued under fictitious names shall be disregarded" when determining whether a civil action is removable based on diversity jurisdiction. *See, e.g., Lewis v. Bear*

*Stearns Residential Mortg. Corp.*, 2023 WL 5109788, at *3 n.2 (E.D. Cal. Aug. 9, 2023) (dismissing arguments related to citizenship of John Doe defendants under § 1441(b)(1)); *Thiele v. Travelcenters of America Inc.*, 2022 WL 392596, at *3 (E.D. Cal. Feb. 9, 2022) (same).

The amount-in-controversy requirement is also satisfied because Plaintiff is explicitly seeking at least $77 billion in damages in his Complaint. *See Lewis v. Sterling Jewelers Inc.*, 2018 WL 922352, at *2 (C.D. Cal. Feb. 15, 2018) (holding that amount-in-controversy requirement satisfied "since the Complaint seeks 'one million dollars' and it does not appear to a legal certainty that plaintiff's claim is for a lesser amount" (citation omitted)).

Plaintiff's motions to remand offer no serious rebuttal of these points. The motions to remand should be denied.

### IV.  Motion for Preliminary Injunction

Plaintiff filed a motion for a preliminary injunction on March 20, 2024, apparently seeking an order requiring Amazon to lift the ban on his New World account under the name "Dojii." ECF No. 15 at 3. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also prevail by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). At a minimum, Plaintiff is not entitled to a preliminary injunction because he cannot state a claim upon which relief can be granted. Failure to state a claim categorically dooms a motion for a preliminary injunction. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 993–94 (9th Cir.2014) (citing *E & J Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir.2006)).

### V.  Conclusion

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis ("IFP") (ECF No. 4) be granted.

2. Plaintiff's motions to stay the litigation be denied (ECF Nos. 28, 30).

3. Defendant's motion for an extension of time to respond to the Complaint (ECF No. 8) be granted *nunc pro tunc*.

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's case be dismissed with prejudice at the IFP screening stage for failure to state a claim upon which relief can be granted and because amendment would be futile.

2. Plaintiff's motions to remand this case to state court (ECF Nos. 3, 7, 9) be denied.

3. Plaintiff's motion for a preliminary injunction (ECF No. 15) be denied.

4. Defendant's motions to dismiss (ECF Nos. 18, 21) be denied as moot, should the District Judge adopt the undersigned's recommendation that the case be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 19, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE